[688 NYS2d 683]

In the Matter of Timothy S. McCulley (Admitted as Timothy Sheldon McCulley), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, April 26, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Harvey B. Besunder,* Hauppauge, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing four charges of professional misconduct against him. After a hearing, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent and his counsel have submitted affidavits in opposition, seeking to disaffirm the Special Referee's report with respect to Charge One, paragraphs five and six, and to take into consideration the mitigating factors.

Charge One alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

In or about September 1993, the respondent was retained by Barbara Brucia to settle the estate of her mother, Margaret Romanowski, who died on September 5, 1993. In or about March 1997, the client hired replacement counsel.

From approximately September 1993 through March 1997, the respondent failed to pursue the estate matter in a timely and diligent manner.

Due to the respondent's neglect, the estate incurred penalties and interest imposed by the New York State Department of Taxation and Finance.

Charge Two alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of the complaint filed against him by Barbara Brucia, which forms the basis of Charge One.

On or about May 6, 1997, the Grievance Committee sent the respondent a copy of the complaint filed against him, and

requested his written response within 15 days. The Grievance Committee received no response.

On or about June 25, 1997, the Grievance Committee sent a follow-up letter by certified mail, requesting the respondent's answer within 10 days. The Grievance Committee still received no response.

On or about August 19, 1997, the Grievance Committee sent the respondent another letter via certified mail, directing him to answer within five days or risk a motion for his interim suspension. Although that letter was delivered to the respondent's office on August 20, 1997, the Grievance Committee received no response. The respondent's failure to respond to the Grievance Committee's legitimate inquiries resulted in this proceeding and this Court's order of suspension, dated November 7, 1997.

Charge Three alleged that the respondent failed to properly register as an attorney with the Office of Court Administration, as required by Judiciary Law § 468-a (1) and the Rules of the Chief Administrator of the Courts (22 NYCRR 118.1), thereby violating Code of Professional Responsibility DR 1-102 (22 NYCRR 1200.3).

Charge Four alleged that the respondent failed to properly cooperate with the Grievance Committee in its investigation of the *sua sponte* complaint against him, which forms the basis of Charge Three.

On or about May 27, 1997, the Grievance Committee sent the respondent a letter requesting his written response to the *sua sponte* complaint regarding his registration status within 15 days. The Grievance Committee received no response.

On or about July 18, 1997, the Grievance Committee sent the respondent a follow-up letter requesting that he address the *sua sponte* complaint by August 15, 1997. The Grievance Committee still received no response.

The respondent's failure to respond to the legitimate inquiries of the Grievance Committee resulted in the commencement of these proceedings and the Court's order of November 7, 1997.

Based upon the evidence adduced and the respondent's admissions, the Grievance Committee's motion to confirm the Special Referee's report is granted, with the exception of paragraphs five and six of Charge One.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances advanced by the respondent, including his community service,

character letters submitted on his behalf by professional and personal acquaintances, his expressed remorse, his previously unblemished record, his problems with the IRS, and the illness of his mother. Under the totality of the circumstances, the respondent is suspended for one year for his professional misconduct.

MANGANO, P. J., S. MILLER, O'BRIEN, RITTER and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Timothy S. McCulley, is suspended from the practice of law for a period of one year, commencing May 26, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Timothy S. McCulley, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.